**Eugene J. SAMMON, Plaintiff,**

**v.**

**CENTRAL GULF STEAMSHIP CORPORATION, Defendant.**

**No. 66 AD. 15.**

United States District Court
S. D. New York.

Feb. 14, 1969.

Abraham E. Freedman, New York City, for plaintiff.

Foley & Grainger, New York City, for defendant.

CANNELLA, District Judge.

Action by plaintiff, a merchant seaman, to recover maintenance and cure benefits, pre-judgment interest on any recovery and counsel fees incurred in his action against defendant shipowner. Judgment for the defendant.

The Court has jurisdiction since the claim is the traditional maintenance and cure action of a seaman under the General Maritime Law.

The parties have essentially stipulated the facts in this case.[1] The Court finds that plaintiff was employed by defendant on the vessel "S.S. Green Port" from October 23, 1964 to January 29, 1965, and that on January 26, 1965 plaintiff obtained a Master's Certificate relating to a plantar's wart on the sole of his right foot. Upon discharge from the vessel on January 29, 1965, plaintiff reported to U.S. Public Health Service Hospital, Staten Island, N.Y. for treatment on February 3, 1965, at which time he was marked "fit for duty" and an appointment was made for February 25, 1965. From February 25, 1965 to August 9, 1965 plaintiff was not "fit for duty" because of the wart on the sole of his right foot. No maintenance was paid for this period. The standard industry rate of maintenance at the time was $8.00 per day.

In addition the Court finds that the plaintiff had been a merchant seaman since 1944 and his work record indicates that in 1963 while employed on the Attleboro, he had warts on his right foot and was treated in U.S. Public Health Service Hospital on Staten Island from May 28, 1963 to December 27, 1963, when he was marked "fit for duty". Hospital records note "no evidence of recurring wart tissue * * * Return after one trip—will call." From January 16, 1964 to February 25, 1964, plaintiff was employed by Moore McCormack on the Argentina, from March 24, 1964 to May 4, 1964 by Grace Lines on the Santa Rita; from May 7, 1964 to June 23, 1964 by Moore McCormack on the Mormac Rio; from September 8, 1964 to September 24, 1964 on a United Fruit Line ship. He left this ship in New Orleans and came to New York by plane. Plaintiff then signed on the defendant's vessel on October 9, 1964. While on the Argentina he obtained a Master's Certificate for the same condition complained of herein. While on the Mormac Rio, toward the end of the voyage, the warts on his right foot troubled him and he obtained a Master's Certificate, after which he went to the U.S. Public Health Service Hospital at Staten Island and received treatment for eight days.

There is no question that the plantar wart condition afflicting the plaintiff was recurrent. There is similarly no dispute that an able bodied sea-

1. Pre-trial order, dated August 28, 1967.

man cannot perform his duties properly when he has this condition. Although the plaintiff revealed his prior tuberculosis condition at a pre-sign on physical examination, he did not see fit to reveal his prior recurrent plantar wart condition as part of his past medical history. This he had an obligation to do.[2] The test in this case is not merely whether the seaman reasonably expected that his prior condition was one of importance to the shipowner, that is, whether he felt he could reasonably perform his duties. Rather it is that the seaman should provide truthful and complete answers to questions concerning his medical background to give his potential employer an opportunity to study his history and make a judgment as to whether or not he should employ him.[3] The concealment of material medical data prevents entitlement to an award of maintenance and cure for this condition since the causal link to the existing disability is present. No valid contract for employment existed between the parties for this voyage.[4]

The test of full disclosure does not work a great hardship on the plaintiff since he clearly has the right to appeal a company doctor's decision to the U.S. Public Health Service. In fact in this case he did just that as far as his prior tuberculosis condition was concerned and the U.S. Public Health Service doctor overruled the company doctor. It might well be that they would have similarly overruled an adverse finding by the company doctor on the wart condition, if it was called to the company doctor's attention. The company lost a valuable right, due to what the Court finds to be a willful failure to disclose a condition material to his ability to perform his duties as an able bodied seaman.

Judgment for defendant.[5]

So ordered.

---

2. Mansi v. Isthmian Lines, Inc., 1965 A.M.C. 1902 (S.D.N.Y.1965); Zackey v. American Export Lines, Inc., 152 F.Supp. 772 (S.D.N.Y.1957).

3. *See* McCorpen v. Central Gulf Steamship Corp., 396 F.2d 547 (5th Cir. 1968).

4. *See* Mansi v. Isthmian Lines, Inc., *supra.*

5. The questions of pre-judgment interest and attorneys' fees are rendered moot by the decision of the Court.