**Eugene J. SAMMON, Plaintiff-Appellant,**

v.

**CENTRAL GULF STEAMSHIP CORPORATION, Defendant-Appellee.**

**No. 498, Docket 33545.**

United States Court of Appeals, Second Circuit.

Argued March 11, 1971.

Decided April 26, 1971.

Edward M. Katz, New York City (Abraham E. Freedman, New York City, on the brief), for plaintiff-appellant.

Walter A. Darby, Jr., New York City (Foley, Grainger & Darby, New York City, on the brief), for defendant-appellee.

Before HAYS and FEINBERG, Circuit Judges, and CURTIN, District Judge.[*]

HAYS, Circuit Judge:

In October, 1964 plaintiff was referred for employment aboard defendant's vessel, the S.S. "Green Port." Before he was accepted, plaintiff was required to submit to a presign-on physical examination by the defendant's physician. In the course of this examination, plaintiff reported, in response to a question concerning any earlier accident, injury or illness, that he had had tuberculosis in 1950. He did not, however, reveal that he once received medical attention for warts on the sole of his right foot. The defendant's physician x-rayed plaintiff's chest and found him unfit for duty solely on the basis of suspected tuberculosis. Plaintiff,

---

[*] Of the United States District Court for the Western District of New York, sitting by designation.

pursuing his rights under his union's collective bargaining agreement, obtained another physical examination from the United States Public Health Service Outpatient Clinic in New York City. Since he was found fit for duty he was given employment on defendant's vessel.

While plaintiff was serving aboard the "Green Port" from October 9, 1964 to January 29, 1965, a period of 112 days, there was no recurrence of tuberculosis; but one week before the end of the voyage, a wart developed on the sole of plaintiff's right foot. Plaintiff obtained a master's certificate from the "Green Port's" chief officer in order to be entitled to medical treatment for the wart. He left the vessel and was treated from February 25, 1965 to August 9, 1965 at the United States Public Health Service Hospital, Staten Island, New York. During this period plaintiff was certified as not fit for duty, and he sought payment of maintenance and cure from the defendant. Upon defendant's refusal to pay, plaintiff initiated this action in the United States District Court for the Southern District of New York. The district court denied the claim for maintenance and cure on the ground that plaintiff failed to disclose to defendant's examining physician his earlier difficulties with and treatment for a wart on the sole of his right foot.[1] For the reasons hereafter set forth we reverse and remand to the district court to fix the amount to be awarded for maintenance and cure, interest, costs, and counsel fees.

█ In finding for the defendant, the district court said that a "seaman should provide truthful and complete answers to questions concerning his medical background * * *" and that "concealment of material medical data prevents entitlement to an award of maintenance and cure * * *." 305 F. Supp. 1071, 1073 (S.D.N.Y.1969). As authority, McCorpen v. Central Gulf Steamship Corp., 396 F.2d 547 (5th Cir.), cert. denied, 393 U.S. 894, 89 S.Ct. 223, 21 L.Ed.2d 175 (1968) was cited. The rule of the *McCorpen* case, that *any* concealment of material medical data, prevents an award for maintenance and cure, is not the rule of this Circuit. In Ahmed v. United States, 177 F.2d 898, 900 (2d Cir. 1949), this court held that a seaman "who believes himself fit for duty and signs on without any fraudulent concealment, is entitled to maintenance and cure, notwithstanding a previous condition of ill health." The concealment of a previous condition is fraudulent only if the seaman knows or reasonably should know that the concealed condition is relevant.

█ The record here contains no evidence whatsoever that the plaintiff deliberately suppressed anything which he knew to be relevant. Plaintiff readily revealed his earlier tubercular condition, although that revelation all but cost him his job on the "Green Port." Plaintiff testified without contradiction that on the date he joined defendant's vessel, he felt well and believed himself fully capable of performing his duties. There is no evidence to indicate that he was not in excellent health for the first 109 days of the 112 days which he spent aboard defendant's vessel. The defendant failed to discharge his burden of demonstrating the falsity of plaintiff's testimony that he reasonably believed himself fit for duty at the time he joined defendant's vessel. See Burkert v. Weyerhaeuser Steamship Co., 350 F. 2d 826, 831 (9th Cir. 1965). Nothing in the evidence establishes that plaintiff did not in good faith believe himself fit for duty. An honest failure to disclose his prior condition will not defeat his claim, Ahmed v. United States, *supra*; Burkert v. Weyerhaeuser Steamship Co., *supra*; Diaz v. Gulf Oil Corp., 237 F. Supp. 261, 263 (S.D.N.Y.1965) (Feinberg, J.).

Reversed and remanded.

---

1. The district court opinion is reported at 305 F.Supp. 1071 (S.D.N.Y.1969).